**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ROBERT AVERY,
an individual,

    Plaintiff,                                                Case No.:

v.

BLUESTEM ENTERPRISES, INC.,
a/k/a BLUESTEM BRANDS, INC.,
d/b/a FINGERHUT, a foreign for-profit
corporation,

    Defendant.
_____/

**VERIFIED COMPLAINT**

**COMES NOW**, Plaintiff, ROBERT AVERY (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, BLUESTEM ENTERPRISES, INC., a/k/a BLUESTEM BRANDS, INC., d/b/a FINGERHUT (hereinafter, "Defendant").  In support thereof, Plaintiff states:

**INTRODUCTION AND PRELIMINARY STATEMENT**

This is an action for damages brought by an individual consumer for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA"), and the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA").

**JURISDICTION AND VENUE**

1.     Jurisdiction of this Court arises under 47 United States Code, Section 227(b)(3), 28 United States Code, Section 1337, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 United States Code, Section 1367.

2. Venue in this District is proper because Defendant transacts business in this District, and the conduct complained of occurred in this District.

3. At all material times herein, the conduct of Defendant, complained of below, occurs in Pinellas County, Florida.

4. At all material times herein, Plaintiff is an individual residing in Pinellas County, Florida.

5. At all material times herein, Defendant is a foreign for-profit corporation engaged in business in Florida, with its principal place of business located at 215 South State Street, Suite 1000, Salt Lake City, UT 84111.

6. At all material times herein, Defendant is a foreign for-profit corporation existing under the laws of the state of Utah that, itself and through its subsidiaries, regularly issues Fingerhut-branded consumer credit cards to residents in Pinellas County, Florida.

## GENERAL ALLEGATIONS

7. At all material times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(7).

8. At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8).

9. At all material times herein, Defendant attempts to collect a debt, specifically an alleged balance due on a Fingerhut consumer credit card (hereinafter, the "Debt").

10. At all material times herein, the Debt is a consumer debt, incurred primarily for personal, household, or family use.

11. At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72. *See* Fla. Stat. § 559.55(5); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

12. At all material times herein, Defendant's conduct, with respect to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

13. At all material times herein, Defendant acts itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

14. All necessary conditions precedent to the filing of this action occurred or were waived by Defendant.

## FACTUAL ALLEGATIONS

15. Defendant's telephone calls, as more specifically alleged below, were made to Plaintiff's cellular telephone number ending in -0361 (hereinafter, "Cellular Telephone") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

16. Plaintiff is the owner, regular user, and possessor of a Cellular Telephone with the assigned number ending in -0361.

17. Defendant's telephone calls, as described herein, were placed from telephone number 844.240.9758, unless otherwise specified.

18. At no time herein did Defendant possess Plaintiff's prior express consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

19. Further, if Defendant contends it possessed such consent, Plaintiff revoked such

3

consent and demanded calls to Plaintiff's Cellular Telephone cease during Plaintiff's October 12, 2015 telephone call with Defendant, as well as on subsequent calls.

20. Additionally, if Defendant contends the below-referenced phone calls were made for "informational purposes only," it nevertheless lacked the required prior express written consent necessary to place such informational calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

21. In or about August 2015, Plaintiff opened a Fingerhut account with Defendant in order to make a purchase on Fingerhut's website.

22. Subsequent to opening the Fingerhut account, Plaintiff made a purchase on Fingerhut's website.

23. Plaintiff, however, never received a credit card, account number, or billing statement for Plaintiff's Fingerhut account.

24. On or about August 10, 2015, Plaintiff retained Leavengood, Dauval, Boyle & Meyer, P.A. (hereinafter "Undersigned Counsel") for representation with respect to his debts generally, including the Debt.

25. On or about October 6, 2015, despite failing to send Plaintiff a billing statement for the Debt, Defendant sent Plaintiff's Cellular Telephone a text message using an ATDS or a PTDS in an attempt to collect the Debt.

26. The immediately-aforementioned text message read "Alert: Your Fingerhut payment is due 10/9/15. Call 1-800-208-2500 to make a payment."

27. On or about October 8, 2015, despite failing to send Plaintiff a billing statement for the Debt, Defendant sent Plaintiff's Cellular Telephone a text message using an ATDS or a PTDS in an attempt to collect the Debt.

28. The immediately-aforementioned text message read "Alert: Your Fingerhut payment is due 10/9/15. Call 1-800-208-2500 to make a payment."

29. On or about October 12, 2015, at approximately 3:17 p.m., Defendant directly made a call to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

30. Plaintiff answered the immediately-aforementioned call and advised Defendant's employee or representative that he would not make a payment on the Debt until he received a billing statement identifying the alleged balance owed on the Debt, advised Defendant's employee or representative that Plaintiff's Cellular Telephone was a cellular telephone and revoked any and all consent for Defendant to call Plaintiff's Cellular Telephone.

31. Further, during the above-referenced call, Defendant's employee or representative— in response to Plaintiff's request for a billing statement as proof of any amount allegedly due on the Debt—stated that Defendant had a copy of Plaintiff's statement in front of him so Plaintiff should make a payment now.

32. On or about October 20, 2015, at approximately 10:01 a.m., Defendant made a call to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

33. On or about October 20, 2015, at approximately 12:49 p.m., Defendant made a call to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

34. On or about October 20, 2015, at approximately 3:09 p.m., Defendant made a call to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

35. During the immediately-aforementioned call, Plaintiff again answered and *again* advised Defendant's employee or representative that they were calling a cellular telephone and revoked any and all consent for Defendant to call Plaintiff's Cellular Telephone.

36. On or about October 20, 2015, at approximately 5:44 p.m., Defendant made a call to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

37. On or about October 21, 2015, at approximately 10:36 a.m., Defendant made a call to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

38. On or about October 21, 2015, at approximately 1:25 p.m., Defendant made a call to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

39. On or about October 21, 2015, at approximately 4:16 p.m., Defendant made a call to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

40. On or about October 21, 2015, at approximately 5:59 p.m., Defendant made a call to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

41. Following the immediately-aforementioned call, Plaintiff attempted to return Defendant's call but reached a recording that advised Plaintiff, "[Defendant] is closed" and to "please call back during normal business hours."

42. On or about October 22, 2015, at approximately 10:04 a.m., Defendant made a call to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the

Debt.

43. Plaintiff answered the immediately-aforementioned call and after five seconds of silence, Defendant hung up on Plaintiff.

44. On or about October 22, 2015, at approximately 2:05 p.m., Defendant made a call to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

45. On or about October 22, 2015, at approximately 5:47 p.m., Defendant made a call to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

46. On or about October 23, 2015, at approximately 10:47 a.m., Defendant made a call to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

47. On or about October 23, 2015, at approximately 1:29 p.m., Defendant made a call to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

48. On or about October 23, 2015, at approximately 4:17 p.m., Defendant made a call to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

49. Plaintiff answered the immediately-aforementioned call and *again* advised Defendant that Defendant called Plaintiff's Cellular Telephone and *again* demanded that Defendant cease calling Plaintiff's Cellular Telephone.

50. On or about October 23, 2015, at approximately 6:26 p.m., Defendant made a call to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the

Debt.

51. Plaintiff retained Undersigned Counsel for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

52. Plaintiff has not been able, due to both professional and personal commitments, as well as the continued and increasing stress associated with the continued barrage of Debt collection calls, to record the specifics (as done above) on each and every call made to Plaintiff. Plaintiff asserts, however, that the above-referenced calls are but a sub-set of the total calls he is aware, and each caused stress, anxiety, and inability to use his Cellular Telephone when Defendant made such calls, all in violation of the FCCPA and TCPA. Defendant is in the best position to determine and ascertain the number and methodology of calls made to Plaintiff.

53. As a direct result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, confusion and loss of sleep, believing that his repeated demands for Defendant to cease calling his Cellular Telephone were wholly ineffective, and that the frequent, repeated debt collection attempts would simply have to be endured.

54. Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages, actual damages, punitive damages, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

55. United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call placed using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiff's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

56. Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call placed using any automatic

telephone dialing system or an artificial or prerecorded voice to Plaintiff's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

57.   As of the date of this complaint, Defendant has not initiated a law suit in an effort to collect the Debt.  Likewise, no final judgment with respect to the Debt has been obtained by, or transferred to, Defendant.

### COUNT ONE:
### UNLAWFUL DEBT COLLECTION PRACTICE –
### <u>VIOLATION OF FLORDA STATUTES, SECTION 559.72(7)</u>

Plaintiff re-alleges paragraphs one (1) through fifty-seven (57) as if fully restated herein and further states as follows:

58.   Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

59.   Specifically, Plaintiff repeatedly advised Defendant that it was calling a cellular telephone, and repeatedly demanded that Defendant cease calling his Cellular Telephone.

60.   Further, in response to Plaintiff's request for a billing statement to verify Defendant's alleged amount due on the Debt prior to payment, Defendant refused to provide the same and advised Plaintiff that since Defendant's employee or representative had the statement in front of him, Plaintiff should pay the Debt immediately.

61.   Despite Plaintiff's repeated attempts to enforce his consumer rights by advising Defendant that he would not make a payment on the Debt until he received a billing statement and by repeatedly demanding that Defendant cease calling his Cellular Telephone, Defendant continued to directly make calls to Plaintiff's Cellular Telephone using an ATDS, PTDS, or APV.

62.   Defendant's actions intended to abuse and harass Plaintiff into paying the Debt by

leading Plaintiff to believe that despite invoking the above-referenced consumer rights, the unlawful collection calls and text messages to his Cellular Telephone would continue until the Debt was satisfied.

63. Defendant's willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

64. As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT TWO:
## TELEPHONE CONSUMER PROTECTION ACT-
## VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

Plaintiff re-alleges paragraphs one (1) through fifty-seven (57) as if fully restated herein and further states as follows:

65. Defendant is subject to, and violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

66. Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to call Plaintiff's Cellular Telephone *at least* fifteen (15) times in its attempt to collect the Debt.

67. At no time herein did Defendant possess Plaintiff's prior express consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

68. Further, if Defendant contends it possessed such consent, Plaintiff revoked such consent and demanded Defendant cease calling Plaintiff's Cellular Telephone on numerous

occasions, as described above.

69. Additionally, if Defendant contends the referenced phone calls were made for "informational purposes only," it nevertheless lacked the required prior express written consent necessary to place such informational calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

70. The phone calls placed by Defendant complained of herein are the result of a repeated willful and knowing violation of the TCPA.

71. As a direct and proximate result of Defendant's conduct, Plaintiff suffered:

   a. The periodic loss of his cellular phone service;

   b. Lost material costs associated with the use of peak time cellular phone minutes allotted under his cellular phone service contract; and

   c. Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of the Defendant's conduct, Plaintiff respectfully requests an entry of:

   a. Judgment against Defendant declaring that Defendant violated the FCCPA;

   b. Judgment against Defendant for maximum statutory damages for violations of the FCCPA;

   c. Judgment against Defendant declaring that Defendant violated the TCPA;

   d. Judgment against Defendant for statutory damages in the amount of $500.00 for each of Defendant's telephone calls that violated the TCPA;

  e. Judgment against Defendant for treble damages in the amount of an additional $1,000.00 for each telephone call that violated the TCPA for which Defendant acted knowingly and/or willfully;

  f. Actual damages in an amount to be determined at trial;

  g. An award of attorneys' fees and costs; and

  h. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

    Respectfully submitted,

    **LEAVENLAW**

    /s/ *Aaron M. Swift*
    ☐ **Ian R. Leavengood, Esq., FBN 0010167**
    **[X] Aaron M. Swift, Esq., FBN 093088**
    ☐ **Gregory H. Lercher, Esq., FBN 0106991**
    ☐ **Sara J. Weiss, Esq., FBN 0115637**
    Northeast Professional Center
    3900 First Street North, Suite 100
    St. Petersburg, FL 33703
    Phone: (727) 327-3328
    Fax: (727) 327-3305
    consumerservice@leavenlaw.com
    aswift@leavenlaw.com
    glercher@leavenlaw.com
    sweiss@leavenlaw.com
    *Attorneys for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA )
)
COUNTY OF Pinellas )

Plaintiff Robert Avery, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

Robert Avery

Subscribed and sworn to before me
this 7th day of September, 2016.

Notary Public

My Commission Expires:

Proof of I.D.: DL personaN known



14